NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: brent.whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$3,430,286.72 IN BANK FUNDS,<br><br>    Defendant.<br><br>DARIN FLASHBERG and<br>LEANNE FLASHBERG,<br><br>    Claimants. | No. 2:19-CV-08583-VAP (FFMx)<br><br>STIPULATED REQUEST TO STAY CIVIL FORFEITURE CASE PENDING RELATED FEDERAL CRIMINAL PROSECUTION<br><br>[PROPOSED] ORDER THEREON LODGED UNDER SEPARATE COVER |

Plaintiff United States of America (the "government") and claimants Darin and Leanne Flashberg ("claimants"), by the signatures of their attorneys hereunder, hereby stipulate and request that this civil forfeiture case be stayed pending the conclusion of a related federal criminal prosecution. The government represents that the criminal prosecution and the instant civil forfeiture litigation arise out of the same facts and will involve many of the same issues of fact and law, and judicial economy will be served by staying this action.

Pursuant to the mandatory stay provision, 18 U.S.C. § 981(g):

Upon motion of the government, the Court shall stay the civil forfeiture proceeding if the Court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case. *See* 18 U.S.C. § 981(g)(1).

Upon motion of a claimant, the Court shall stay the civil forfeiture proceeding with respect to that claimant if the Court determines that –

    a.    the claimant is the subject of a related criminal investigation or case;

    b.    the claimant has standing to assert a claim in the civil forfeiture proceeding; and

    c.    continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case. *See* 18 U.S.C. § 981(g)(2).

In addition, district courts are empowered to issue a stay of a civil case pending the outcome of criminal proceedings pursuant to the court's inherent power to control its docket and calendar. See Mediterranean Enterprises v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). See also Landis v. North American Co., 299 U.S. 248, 254 (1936) (district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("it is within the power of the district court, and in accord with common practice,

to stay the civil action until the criminal case or the likelihood of a criminal case is ended").

A related federal criminal prosecution is pending against claimant Darin Flashberg entitled <u>U.S. v. Darin Flashberg, et al</u>, 2:19-cr-00209-JAK. The criminal trial is currently scheduled for July 7, 2020. The criminal case and the instant civil forfeiture case arise out of the same facts and will involve many of the same issues of fact and law, and judicial economy will be served by staying this action.

The parties stipulate and agree that good cause exists to stay the civil forfeiture action in this matter pursuant to 18 U.S.C. § 981(g)(1) and (g)(2) because discovery in the civil proceeding may require claimant Darin Flashberg to waive his Fifth Amendment privileges against self-incrimination concerning matters involved in the related criminal case in order to contest the forfeiture. The parties also stipulate that claimant Darin Flashberg has standing to assert a claim in this civil forfeiture proceeding.

The parties further stipulate and agree that claimant Leanne Flashberg—who is not a defendant in the Darin Flashberg criminal proceeding—would be prejudiced and adversely affected in her ability to contest the seizure of the defendant bank funds if her husband Darin Flashberg is unable to participate in discovery because of his invocation of his Fifth Amendment rights.

Any stay of this civil forfeiture case does not preclude claimants from seeking to negotiate a resolution of the civil forfeiture claims with the government while the claim is stayed. The parties further agree that any party may move to vacate the stay at any time prior to the conclusion of the related federal criminal prosecution if it demonstrates good cause to do so.

The parties request that the Court relieve claimants of their obligation to file an answer to the complaint while this matter is stayed. Claimants agree to file an answer to the complaint within 21 days of entry of an order lifting the stay.

///

1  The government proposes that it file reports regarding the status of the criminal
2  investigation commencing on March 16, 2020 and every 90 days thereafter to enable the
3  Court to monitor the status of this matter.

4  Dated: December 16, 2019               Respectfully submitted,

5                                         NICOLA T. HANNA
                                          United States Attorney
6                                         BRANDON D. FOX
                                          Assistant United States Attorney
7                                         Chief, Criminal Division
                                          STEVEN R. WELK
8                                         Assistant United States Attorney
                                          Chief, Asset Forfeiture Section
9                                         Assistant United States Attorney
                                          Asset Forfeiture Section
10

11                                         ____/s/_____
                                          BRENT A. WHITTLESEY
12                                         Assistant United States Attorney

13                                         Attorneys for Plaintiff,
                                          United States of America
14

15

16  Dated: December_16, 2019              HUNTON ANDREWS KURTH LLP

17
                                          ____/s/_____
18                                         ANN MARIE MORTIMER, ESQ.

19                                         Attorneys for Claimants,
                                          DARIN FLASHBERG
20                                         LEANNE FLASHBERG

21

22

23

24

25

26

27

28

4